IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SANDRA BOYETT, individually and as personal representative for the Estate of RAYMOND BOYETT; JESSICA (BOYETT) PETERSON; and BRANDY (BOYETT) SORENSON, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF WASHINGTON, a political subdivision of the State of Utah, et al. <br><br> Defendants. | ORDER GRANTING DEFENDANT RANDY MCKINNON'S MOTION FOR SUMMARY JUDGMENT <br><br><br><br> Case No. 2:04-CV-01173 PGC |

   In this civil rights case, the surviving family members of Raymond Boyett and his estate seek damages from various government officials and entities. The plaintiffs allege violations of civil rights under 42 U.S.C. § 1983, negligence, wrongful death, and infliction of emotional distress based on events surrounding Mr. Boyett's death while being held as an inmate at a Washington County, Utah correctional facility.

   Defendant Randy McKinnon, a nurse at the jail, has moved for summary judgment on plaintiffs' deliberate indifference claims under § 1983. After carefully considering the parties'

arguments, the court GRANTS Mr. McKinnon's motion. A claim that prison officials were deliberately indifferent to an inmate's medical needs will only succeed if the inmate had a serious medical condition that officials were slow to treat, and if the delay in receiving that treatment caused substantial harm. There is no evidence to suggest such indifference in this case.

## BACKGROUND

This case arises out of the death of Raymond Boyett on September 6, 2003. Mr. Boyett died while being held as an inmate at the Washington County Purgatory Correctional Facility in Hurricane, Utah. Before Mr. Boyett's incarceration, he underwent surgery for a hernia. After this surgery, Washington County sought and received medical clearance from the Dixie Regional Medical Center to incarcerate Mr. Boyett. He was incarcerated on August 28, 2003.

On August 31, 2003, Mr. Boyett complained to prison authorities that he felt he was bleeding internally. Mr. McKinnon, a nurse at the jail, responded to Mr. Boyett and indicated that he would be fine. The following day, Mr. Boyett was examined by Sabrina Steele, a physician's assistant at the facility. Ms. Steele examined Mr. Boyett's incision from the hernia surgery and concluded that the incision was well healed and that there was no evidence of internal bleeding. Mr. Boyett did not tell Ms. Steele that he felt he was bleeding internally.

On September 3, 2003, Mr. McKinnon again observed Mr. Boyett, who was complaining of being constipated. Mr. McKinnon recommended that Mr. Boyett be allowed to exercise. Mr. McKinnon's shift ended that afternoon, and he did not return to work until after Mr. Boyett died on the morning of September 6, 2003. An autopsy performed by Dr. Edward Lei indicated that

Mr. Boyett died of occlusive coronary artery disease with another significant condition being cirrhosis of the liver.

On December 22, 2004, the plaintiffs filed a complaint alleging a variety of state and federal causes of action. The plaintiffs named as defendants Washington County, the Washington County Purgatory Correctional Facility, Washington Country Sheriff Department, and several corrections facility and sheriff department employees in their official and individual capacities.

On March 3, 2005, defendants answered the complaint and later filed their first motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) on March 18, 2005.[1] The court granted the motion in part and denied it in part.[2] The plaintiffs stipulated to dismissal of the first claim against the individually named defendants in their official capacities and of the second claim against the Corrections Facility and the Sheriff's office.[3] The court denied the motion to dismiss the second claim for relief against Sheriff Kirk Smith in his official capacity.[4]

On July 6, 2005, defendants filed their second motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6).[5] The court granted the motion dismissing the state law causes

---

[1] Washington County Defs.' Mot. to Dismiss (Docket No. 8).

[2] Order Granting in Part Washington County Defs.' Mot. to Dismiss (Apr. 12, 2005), Docket No. 15.

[3] *Id.*

[4] *Id.*

[5] Washington County Defs.' Mot. to Dismiss (Docket No. 19).

of action without prejudice.[6]  The defendants then filed a third motion to dismiss pursuant to Rule 12(b)(6) seeking to dismiss the plaintiffs' claims regarding activities after Mr. Boyett's death.[7]  The court construed the motion to dismiss as a motion for judgment on the pleadings and granted the motion.[8]  As a result of these prior motions, the only claims left in this suit are the plaintiffs' first and second claims for damages under 42 U.S.C. §§ 1983 and 1988 against Washington County, Washington County Purgatory Corrections Facility, Washington Country Sheriff Department, and the following defendants in their individual capacities:  Sheriff Kirk Smith, James Hanson, Destiny Hummer, Fred Keil, Raymond J. Kounalis, Gene Redford, Sabrina Steel, Darryl McCoy, Randy McKinnon, Jon Worlton, and Dave Patt.

### DISCUSSION

Summary judgment is appropriate if the record shows "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[9]  Facts are viewed in the light most favorable to the non-moving party.[10]

Plaintiffs stipulate in their response memorandum that Mr. McKinnon did not inflict the injuries that caused Mr. Boyett's death, but claim that Mr. McKinnon was deliberately

---

[6]Order Granting Washington County Defs.' Mot. to Dismiss (Aug. 24, 2005), Docket No. 26.

[7]Washington County Defs.' Mot. to Dismiss (Docket No. 28).

[8]Order Granting Washington County Defs.' Mot. to Dismiss (Oct. 25, 2005), Docket No. 53.

[9]Fed. R. Civ. P. 56(c).

[10]*Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000).

indifferent. Plaintiffs claim that Randy McKinnon acted with deliberate indifference to a serious medial need by "fail[ing] to provide medical treatment . . . for Mr. Boyett."[11]

Prison officials who show deliberate indifference to an inmate's serious medical needs violate the prohibition against cruel and unusual punishment in the Eighth Amendment.[12] The deliberate indifference inquiry involves both an objective and subjective component.

The objective component is satisfied when the deprivation is "sufficiently serious."[13] "[A] medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."[14] If there is a sufficiently serious condition and the alleged deliberate indifference stems from a delay in treating that condition, a defendant is liable only if "the delay [in medical care] resulted in substantial harm."[15]

Even if the objective component is demonstrated, there is no liability unless the subjective component is also satisfied. The subjective component is satisfied when the prison official "knows of and disregards an excessive risk to inmate health or safety; the official must

---

[11] Pls.' Response to Defs.' Mot. for Summ. J. (Docket No. 71), at 4–5, at 10.

[12] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

[13] *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

[14] *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (further quotation omitted)).

[15] *Oxendine v. Kaplan*, 24 F.3d 1272, 1276 (10th Cir. 2001).

both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[16]

First, the court considers the objective component. As noted above, the objective component involves determining whether the medical need was "sufficiently serious," whether prison officials were dilatory in responding to the serious medical need, and whether the delay in medical care resulted in substantial harm. Here, plaintiffs have introduced evidence that Mr. Boyett was internally bleeding, which constitutes a serious medical need. Plaintiffs, however, have not produced facts showing that Mr. McKinnon delayed treating this condition or that a delay resulted in substantial harm.

There is no evidence that Mr. McKinnon delayed in treating Mr. Boyett. Mr. Boyett complained of internal bleeding on August 31, 2003, and Mr. McKinnon saw him that same day.[17] The day after Mr. McKinnon saw him, Mr. Boyett was examined by a physician's assistant, Sabrina Steele; she also did not find any evidence of internal bleeding, and Mr. Boyett did not complain that he felt he was bleeding internally.[18]

Finally, no evidence suggests that the internal bleeding caused Mr. Boyett substantial harm. The cause of Mr. Boyett's death on September 6, 2003, was determined in an autopsy to be occlusive coronary artery disease.[19] Plaintiffs do not argue or produce evidence that internal

---

[16]*Farmer*, 511 U.S. at 837.

[17]Pls.' Response to Def.'s Mot. for Summ. Judg. (Docket No. 71), Ex. 8.

[18]Depo. of Sabrina Steele, Ex. A of Def.'s Reply Brief, at 107–09.

[19]Depo. of Edward Leis. 7:17–19, Ex. G of Def.'s Mem. in Supp. of Mot. for Summ. J. (Docket No. 66).

bleeding contributed to the coronary artery disease or otherwise caused any substantial harm to Mr. Boyett.[20] And even more important, the plaintiffs conceded that Mr. McKinnon was not responsible for Mr. Boyett's injuries or death. While deposing Mr. McKinnon, plaintiffs' attorney said, "I want to say that the plaintiffs do not feel that you . . . had anything to do with Mr. Boyett's physical injuries."[21]

Based on these undisputed facts, plaintiffs have not satisfied the objective component of the deliberate indifference inquiry. There is no evidence that there was a delay by Mr. McKinnon that caused substantial harm to Mr. Boyett. More important, plaintiffs admit that Mr. McKinnon was not responsible for Mr. Boyett's injuries that resulted in his death. Thus, the court need not reach the subjective component of the deliberate indifference inquiry. Therefore, Mr. McKinnon is entitled to judgment as a matter of law.

## CONCLUSION

Defendant Randy McKinnon's motion for summary judgment [# 66] is GRANTED. All plaintiffs' § 1983 claims against Defendant Randy McKinnon are dismissed with prejudice.

DATED this 10th day of February, 2006.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge

---

[20] Pls.' Response to Def.'s Mot. for Summ. J. (Docket No. 71), at 10–13.

[21] Depo. of Randy McKinnon. 66:20–22, Ex. H of Def.'s Mem. in Supp. of Mot. for Summ. J. (Docket No. 66).