IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SANDRA BOYETT, individually, and as personal representative for the Estate of RAYMOND BOYETT; JESSICA (BOYETT) PETERSON; and BRANDY (BOYETT) SORENSON,<br><br>    Plaintiffs,<br><br>vs.<br><br>COUNTY OF WASHINGTON, a political subdivision of the State of Utah; WASHINGTON COUNT PURGATORY CORRECTIONAL FACILITY, a political subdivision of the State of Utah; WASHINGTON COUNTY SHERIFF DEPARTMENT; a political subdivision of the State of Utah; KIRK SMITH, Sheriff of Washington County, individually and officially; DESTINY HUMMER; individually and officially; FRED KEIL; individually and officially; RAYMOND J KOUNALIS, individually and officially; GENE REDFORD, individually and officially; SABRINA STEELE, individually and officially, DARRYL McCOY, individually and officially, RANDY McKINNON, individually and officially; DAVE PATT, individually and officially; and DOES 1–10,<br><br>    Defendants. | ORDER REGARDING COSTS<br><br><br><br>Case No. 2:04cv1173 |

On February 15, 2007, the defendants filed a bill of costs with the court. On February 21, 2007, the plaintiff filed a timely objection to the bill of costs. The Clerk of the Court then taxed costs against the plaintiff, and the plaintiff filed a motion to review the taxation of costs.

Upon review of this motion, the court finds the taxation of costs to be unwarranted in this case. Although Rule 54[1] creates a presumption that the court will award the prevailing party costs, the non-prevailing party can overcome this presumption.[2] In this case, the plaintiff *has* overcome this presumption. The plaintiff has demonstrated good cause for not paying costs, and the defendants have not provided the court with any basis to uphold the presumption in their favor.

First, the plaintiff has alleged an inability to pay costs or, at least, that a severe hardship would result. The defendants have not refuted this claim. In fact, the defendants failed to even oppose the plaintiff's request that the court review the taxation of costs (and the time has passed for doing so), so the court lacks the benefit of their perspective. Second, the plaintiff argues that in pursuing this suit, it justifiably relied on experts who opined Raymond Boyett's death resulted from the defendants' wrongdoing. This case did involve a very serious matter — the death of an inmate in jail. It required the presentation and evaluation of difficult issues that were, in some cases, close calls. The public interest was served by a thorough evaluation of the matter.

---

[1] Fed. R. Civ. P. 54(d).

[2] *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004).

Based on the nature of the issues and the inability of the plaintiff to pay costs, the court finds the taxation of costs to be unwarranted in this case. The court, therefore, DENIES costs to the defendants.

DATED this 18th day of April, 2007.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge